[Civ. No. 395.   Third Appellate District.—December 30, 1907.]

## STOCKTON LUMBER COMPANY, Appellant, v. WILL-IAM C. SCHULER et al., Respondents.

FORECLOSURE OF MECHANICS' LIENS—LIEN UPON FUND DEPOSITED IN COURT—EQUITY CASE—JURISDICTION OF SUPREME COURT—TRANSFER. An action for the foreclosure of mechanics' liens is a case in equity, although the liens, by order of the court, are to be paid out of a fund deposited in court by the owner of the property; and such case appealed to this court must be transferred to the supreme court, which has original jurisdiction thereof, under section 4 of article VI of the constitution.

TRANSFER to Supreme Court of cause appealed from the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, for Appellant.

Nicol & Orr, for William C. Schuler, Respondent.

R. C. Minor, for Stockton Planing Mill, Respondent.

HART, J.—This is a suit to foreclose certain liens of materialmen and for a decree of court that the property upon which the liens were filed be sold and said liens be satisfied out of the proceeds of said sale. There are several distinct actions and the court below, in accordance with section 1195 of the Code of Civil Procedure, made an order consolidating them. The appeal is direct to this court.

We are of the opinion that the suit is one in equity, and should, therefore, under section 4 of article VI of the constitution, have been appealed directly to the supreme court.

The complaints allege that, for reasons therein specified, the contract between the owner of the property and the contractor is void, and also aver that the plaintiffs duly filed and caused to be recorded liens upon the building for their respective claims. The twenty-five per cent of the amount of

7 Cal. App.—17

the contract price was reserved by the owner of the property until after thirty-five days after the completion and acceptance of the building, and, upon the filing of the complaints herein, he deposited said sum in court to be distributed to the lienholders according as the court might so adjudge.

The court found that the contract between the owner and contractor was valid, and rendered and caused to be entered a judgment that the lien claimants were entitled to a lien upon the fund deposited in court, but not upon the property, and ordered the money so deposited to be distributed accordingly.

Appellant was probably in doubt as to whether the proceeding was an action at law or a suit in equity, hence appealed directly to this court. But, as already suggested, we have no doubt that the proceeding is one calling for equitable relief, and that it is our duty to transfer the case to the supreme court.

It is so ordered.

Chipman, P. J., and Burnett, J., concurred.